IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN TIMOTHY PRICE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:09-cv-01798-RDP-JEO |
| | ) |
| CAPTAIN KENT; THE ALABAMA | ) |
| ATTORNEY GENERAL, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in the custody of the Blount County Correctional Facility.  *See* 28 U.S.C. § 2254.  Petitioner, John Timothy Price, ("Petitioner" or "Price") filed the current habeas corpus petition on September 8, 2009.  (Doc. #1).  Upon consideration, the court finds that it is due to be dismissed.

### I.    PROCEDURAL HISTORY

At the time Price filed his petition, he was in the custody of the Blount County Correctional Facility awaiting trial on two counts of first degree robbery allegedly occurring on May 7, 2009. (Doc. #16-2 (Ex. A)).[1]  The Circuit Court case action summary sheet reflects that trial was set for January 11, 2010.  (Doc. #16-4 (Ex. C at 4)).  Petitioner remains in custody due to the fact that he has not satisfied a $120,000.00 bond.  He has been appointed counsel, and said counsel has filed various motions on his behalf.  (*Id.*).  For instance, counsel's motion for discovery and production was granted June 15, 2009, while his motion for a bond reduction was denied.  (Doc. #16-3 (Ex. B

---

[1] References herein to "Doc. #___" are to the document numbers assigned by the Clerk of the Court.  References to "Ex. __" are to the exhibits filed by the respondents and found at document 16.

at 2). Petitioner filed various *pro se* motions, including a motion to dismiss the case. The motion to dismiss was denied. (Doc. #16-4 (Ex. C at 3-5)). Petitioner's court appointed counsel filed a motion to withdraw, which was granted. (*Id*.). New counsel was appointed. (*Id*.). Petitioner's second counsel also filed a motion to withdraw. (*Id*.). That motion was granted. (*Id*.). New counsel was appointed. (*Id*. at 5). On September 17, 2009, the court denied the defendant's motions for release on his own recognizance or to reduce his bond, his motion to strike language from the indictment, and his motion for a change of venue. (*Id*. at 5). The court granted his motion for a speedy trial, and set the case for trial on January 11, 2010. (*Id*.). Additional motions, including motions to suppress his statement and his photo lineup and to reduce his bond, have been filed. (*Id*. at 6). They were set for a hearing on December 8, 2009. (*Id*.). The court is unaware of the disposition of those motions.

On August 19, 2009, Petitioner filed a "Motion to Appeal Decision of Violation of Rule 5.1[2] on Motion to Dismiss." (Doc. #16-5 (Ex. D)). On September 9, 2009, the Alabama Court of Criminal Appeals entered an order affording Petitioner fourteen days to show cause why the appeal should not be dismissed because he was attempting to raise a non-appealable matter. (Doc. #16-6 (Ex. E)). The court thereafter dismissed the appeal on October 1, 2009. (Doc. #16-7 (Ex. F) & Doc. #16-8 (Ex. G)).

Petitioner filed this federal habeas corpus action on September 8, 2009. (Doc. #1 at 1). Petitioner asserts that (1) his arrest and subsequent hearing were problematic; (2) his bail of $120,000 ($60,000 per count) is excessive; (3) the presiding state court judge neglected his duties;

---

[2] Rule 5.1 addresses Petitioner's right to a preliminary hearing.

2

and (4) his attorney misrepresented him. (*Id*. at 5). The court issued an order to Respondents to show cause why the requested relief should not be granted. Respondents filed their answer asserting that the petition should be dismissed because Petitioner had not exhausted available state remedies and/or because his claims are procedurally defaulted. (Doc. #16 at 4-5). The court afforded Petitioner an opportunity to respond to the answer. (Doc. #17). Petitioner has since filed two "Affidavits of Judicial Errors" (Docs. #18, 20); three letters to "attorney Steve Goldstein" (Docs. #19, 21, 22); as well as an "Affidavit of ~~Probable~~ [sic] Cause," wherein he asserts, among other things, that his Fifth Amendment rights have been violated by time extensions in this action. (Doc. #23).

## II.   DISCUSSION

### A.   Exhaustion

The threshold issue to be resolved in federal habeas cases is whether Petitioner has exhausted all available state remedies. An application for writ of habeas corpus will not be considered unless the applicant has exhausted available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982). The exhaustion requirement is designed "to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights." *Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979). As a matter of comity, the rule requires the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction." *Fay v. Noia*, 372 U.S. 391, 438, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963). Such a rule furthers the strong federal policy that

federal courts should not unduly or prematurely interfere with state court proceedings.

Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the questions presented." *Rose v. Lundy*, 455 U.S. 509, 518 n.9, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Pursuant to this provision, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the courts for consideration. *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Heath v. Jones*, 863 F.2d 815, 818 (11th Cir. 1989). Furthermore, the claim must be presented to state courts in such a way as to enable the state to entertain the claim on its merits.

Respondents assert that Petitioner has only filed a motion to dismiss in the underlying state court action, which the trial court denied, with the exception of his motion for speedy trial, which was granted. Although Petitioner attempted to appeal the denial of the motion to dismiss to the Alabama Court of Criminal Appeals, it was dismissed for failure to show that the appeal was not from a non-appealable order. (Doc. #16 at Ex. E and F). Petitioner has not filed anything with the Supreme Court of Alabama. (Doc. #16 at Ex. G). He seeks to explain this failure by stating that he did not file with that court because "the matter would be a conflict of interest with the State of Alabama being the defendant and I, John Timothy Price, would be the plaintiff." (Doc. #23 at 1).

The court finds that to the extent Petitioner challenges (1) his arrest and subsequent pretrial hearing (2) the actions of the trial judge and (3) his attorney's representation, these are matters that can be raised in state court on direct appeal or in a post-conviction petition filed pursuant to Alabama Rule of Criminal Procedure 32 should the petitioner be convicted. Accordingly, the court finds that

4

Petitioner has not exhausted these claims. To the extent he asserts that the Circuit Court should have granted his motion to dismiss the indictment, this claim is also not exhausted. The Alabama Court of Criminal Appeals determined that the appeal of that denial of relief was a non-appealable matter. Accordingly, that legal position also may be raised on direct appeal if the petitioner is convicted. To the extent that Petitioner asserts that his bail of $120,000 ($60,000 per count) is excessive, that claim also is not properly exhausted because it can be raised via a writ of habeas corpus in state court. *See Adams v. State*, 645 So. 2d 362 (Ala. Crim. App. 1994) (the defendant brought a petition for a writ of habeas corpus on the ground that his bond was excessive). Petitioner also would have the ability to seek appellate review of any denial of his request for habeas relief. *See Rutledge v. State*, 745 So. 2d 912, 918 (Ala. Crim. App. 1999). Thus, Petitioner has not exhausted his state remedies.

### III.   CONCLUSION

In accordance with the foregoing, Price's petition for a writ of habeas corpus is due to be dismissed without prejudice. An appropriate order will be entered.

**DONE** and **ORDERED** this ____4th____ day of February, 2010.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE